IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Concepcion Larios Perez,<br><br>Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>Respondents. | No. CV-26-00273-PHX-DWL (JFM)<br><br>**ORDER** |

In their response to the OSC, Respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 6 at 6.) Respondents further acknowledge that while they oppose the request for a bond hearing, "[t]o the extent Petitioner seeks an order requiring Respondents to either immediately release Petitioner or hold a bond hearing, Respondents . . . request that any order granting Petitioner relief be consistent with what courts in this district have generally ordered in similar cases." (*Id.* at 6-7.) Respondents also indirectly contend that *Echevarria* was wrongly decided. (*Id.* at 2-4.) Given this backdrop, the Court concludes (consistent with the OSC) that the Petition should be granted, at a minimum, for the reasons set forth in *Echevarria*.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.
2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed

1 | before detention.
2 | 3. Respondents must provide a notice of compliance within three days of releasing
3 | Petitioner or providing a bond hearing.
4 | 4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment
5 | in Petitioner's favor and close this case.
6 | Dated this 23rd day of January, 2026.

_____
Dominic W. Lanza
United States District Judge